

## IN THE UNITED STATES DISTRICT COURT OF NORTHERN ILLINOIS
### EASTERN DIVISION

**FILED**

J .N

MAY 2 7 2008

May 27 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| **B. MICHAEL SCHNEIDER,** | ) |
| **PLAINTIFF** | ) |
|  | ) |
| **vs.** | ) |
|  | ) |
| **COUNTY OF WILL, a unit of** | ) |

**COUNTY OF WILL, a unit of
Local government, PAUL J. KAUPAS,
Individually and as Sheriff of Will Co.,
MICHAEL F. O'LEARY, individually
And as Warden of the Will County
Adult Detention Facility,
JAMES E. GARRISON, individually**

08CV3054
JUDGE ANDERSEN
MAG. JUDGE MASON

### DEFENDANTS

---

### COMPLAINT

NOW COMES the Plaintiff, B. Michael Schneider, sui juris, a resident of the

Northern District of Illinois and a natural born United States citizen, for his complaint

against the Defendants, Paul J. Kaupas, individually and in his official capacity as Sheriff

of Will Co., Il., James E. Garrison, individually, Michael F. O'Leary, individually and in

his official capacity as Warden of the Will County Adult Detention Facility, states as

follows:

### JURISDICTION AND VENUE

This action is brought, in part, pursuant to 42 U.S.C. 1983 for deprivation to

Plaintiff's constitutional civil rights. Jursdiction is proper under 28 U.S.C. 1331 and

1343.

1.      On May 25, 2007, Plaintiff, was falsely arrested and imprisoned after proceedings had concluded and rulings made by James Garrison, under color of law in his role as Associate Circuit Court Judge of the 12th judicial circuit in Courtroom #117 in the Will County Courthouse Annex on Jefferson St., in Joliet, Il. These acts under color of law were done after Mr. Garrison's confirmation from the Circuit Court Clerk that no additional cases appeared on the court docket on that morning's call. Plaintiff's fiance', Janine Bally had presented (3) motions to Judge James Garrison which angered him because the evidence attached to the motions showed that Mortgage Electronic Registration Systems, Inc., the plaintiff in the action, 01 CH 1236, had no standing under Illinois law to have brought the foreclosure action. After rulings were made and instructions to counsel were given for preparation of a court order consistent with the rulings made in Ms. Bally's case, the Plaintiff was falsely arrested and imprisoned.

2.      James E. Garrison's abusive behavior, false accusations, and baiting of Plaintiff by threatening both Plaintiff and Ms. Bally with imprisonment, resulted in Plaintiff's imprisonment without just cause as Plaintiff remained civil and polite without incident in the visitor's gallery while remaining in his seat until the proceedings had concluded.

3.      Ms. Bally and Plaintiff were subjected to severe emotional distress by and through James Garrison's use of his position as an Associate Circuit Judge of the 12th Judicial Circuit of Will Co., Il., under color of law, by; a) accusing Ms. Bally of criminal abuse of the court system. b) subjecting Plaintiff to unwarranted questions and hostile tones with threats of the use of his judicial powers to imprison both Ms. Bally and the Plaintiff, all of which had occurred after courtroom proceedings had ended and no other

2

citizens other than courtroom personnel, Ms. Bally, Mr. Walsh (MERS' counsel) and Plaintiff were in the courtroom and the Deputy Circuit Clerk had confirmed that no other cases were docketed on the morning's call.

4.    The false accusations, the use of his judicial power to imprison and for subsequent acts depriving Plaintiff of his rights, were made in part, under color of law by James Garrison while utilizing his position as associate circuit judge.

5.    Plaintiff, while exercising his right to remain silent in the face of false accusations of criminal wrongdoing, enraged James Garrison to a point wherein he utilized his powers as a judge to falsely accuse and imprison Plaintiff.

6.    After proceedings had ended, James Garrison, enraged and angered by Ms. Bally's motions, turned his rage upon Plaintiff. Plaintiff's exercising of his right to remain silent in the face of criminal accusations infuriated James Garrison. .

7.    Plaintiff, fully aware that the Deputy Clerk had informed James Garrison that no other cases were on the docket for the morning's call, directed his visual attention to Ms. Bally who was making her way back to her seat in the visitor's gallery where Plaintiff was seated. Plaintiff did not hear James Garrison's question, which had apparently been made to Plaintiff. Plaintiff did not hear the question because his attention was upon Ms. Bally's demeanor, gait and posture during her return to her seat.

8.    When Plaintiff became aware that the courtroom bailiff, and the deputy circuit clerk's gaze and focus were on him, Plaintiff immediately looked at James Garrison who then stated, "I said, what is your name?" Plaintiff did not answer James Garrison having no reason to address the court since proceedings were closed and Plaintiff had remained in his seat and had been silent and civil during the entire call.

3

9.    James Garrison then threatened Plaintiff with jail unless he answer the question as to Plaintiff's name. Plaintiff then stood from his seat and demanded to know why James Garrison was "...trying to intimidate them?" Whereupon, James Garrison sentenced Plaintiff to 10 days in the County Jail and instructed the bailiff to summon a deputy and have Plaintiff taken into custody in handcuffs.

10.    James Garrison then asked Plaintiff if he wanted to go for 20 days in the County Jail. Whereupon, Plaintiff who had sat down once again stood up and told Ms. Bally that they were "getting out of there." James Garrison then sentenced Plaintiff to 20 days in the County Jail instructed Plaintiff to remain in his seat and asked Plaintiff if he wanted to try for 30 days in the County Jail. At this point Plaintiff told James Garrison his name.

11.    These questions posed by James Garrison as to Plaintiff's identity were non-sensical in that James Garrison knew full well why Plaintiff was present in court for Ms. Bally's presentation of her motions. James Garrison, while presiding over proceedings, in his ranting about criminal abuse of the court system referred to Ms. Bally's fiance' and his assistance and fingerprints being all over the motions presented to the court. James Garrison utilized his authority, under color of law, to falsely allege a disruption of proceedings that had concluded without incident on the part of Plaintiff or Ms. Bally.

12.    Additionally, Plaintiff knew James Garrison was fully aware of Plaintiff's name since in his capacity of an associate judge presided over numerous hearings and a trial involving MERS and Ms. Bally. Judge Garrison had occasionally read Plaintiff's name into the court record (videotape recordings) on several occasions at several status

4

hearings before him in the prior (2) years while Ms. Bally had been represented by

Stephen Kehoe, a licensed Cook County, Illinois attorney, but, had been unable to attend

those hearings. Judge Garrison had read Plaintiff's name into the record in open court

upon the conclusion of status hearings on several occasions with words more or less like,

" Let the record show that Michael Schneider is in attendance at the hearing, as he has

been many times before." The statements had been made by Judge Garrison with the

intent to intimidate Plaintiff into refraining from attending the status hearings when Ms.

Bally could not attend. Plaintiff had appeared as a sworn witness providing Judge

Garrison with his identity and sworn testimony related to the MERS v. Bally trial, which

was recorded on videotapes and this testimony was admitted into evidence. The

videotape evidence of the trial proceedings was subsequently suppressed by the Circuit

Clerk of the Will County Court by failing to provide Ms. Bally with copies of the

videotapes and failed to deposit these videotapes in compliance with the 3rd District

Appellate Court's standing order, Administrative Order #27, which required the Circuit

Clerk of Will Co. to deposit videotapes with the Clerk of the Appellate Court for copying

for Ms. Bally. The failure of the appellate court to make a ruling to compel the Circuit

Clerk of Will County to file the videotapes with the Clerk of the 3rd District Appellate

Court is a clear indication of the bias and prejudice that the Illinois Court system has

consistently deprived both Ms. Bally and Plaintiff from due process of law. The 3rd

District Appellate Court's refusal to protect Ms. Bally's right to obtain copies of the

videotapes of the proceedings so as to permit Ms. Bally to enter into the court record a

Report of the Proceedings by and through Ms. Bally's preparation of transcripts of the

proceedings, deprived Ms. Bally of due process of law. Ms. Bally's Appeal in the MERS

case was dismissed by the 3rd District Appellate Court of Illinois for having failed to file a brief even though the Clerk of the Will Co. Circuit Court had failed to deposit the videotapes with the Appellate Court Clerk in accordance with Supreme Court Rule 323 c and the 3rd District Appellate Court's standing Administrative Order #27 (as previously stated, this order required the Clerk of the circuit court to deposit videotapes of proceedings with the clerk of the appellate court so as to allow the clerk of the appellate court to provide the appellant with copies of the videotapes for the appellants preparation of transcripts).

13.    James Garrison, under color of law, deprived Plaintiff of his right to remain silent having falsely accused the Plaintiff of disrupting proceedings that had been already concluded. James Garrison, under color of law, made false accusations of Plaintiff's alleged misconduct of a disruption of court proceedings and ordered the Will County Sheriff's Police to arrest and incarcerate Plaintiff for 20 days in the Will County Jail otherwise known as the Will County Adult Detention Facility.

14.    James Garrison, under color of law, then drafted a Contempt Mittimus (Exhibit A) and an Order in which James Garrison alleged that his proceedings were disrupted by Plaintiff's misconduct.

15.    Plaintiff was deprived of being released after having served 10 full days of his sentence with good behavior in accordance with the Contempt Mittimus executed by Judge Garrison on May 25, 2007 and given to the agents of the Sheriff of Will County, Il., Paul Kaupas for his execution.

16.    From the Will County Adult Detention Facility (commonly known as the Will County Jail), Plaintiff dictated a letter to Plaintiff's fiancé, Janine L. Bally

6

requesting that she send the letter to Michael T. O'Leary, at the Will County Adult

Detention Facility via certified mail requesting Plaintiff's release in accordance with 730

ILCS 130/3, Plaintiff having served 10 days with good behavior (Exhibit B).

     17.     Plaintiff's fiancé, in accordance with Plaintiff's instructions, copied Will

County State's Attorney, James Glasgow, with the certified letter mailed to Michael

O'Leary, by having his fiancé deposit the same in the U.S. Postal Service mailbox,

postage pre-paid, on June 6, 2007.

     18.     Plaintiff's fiancé also mailed to Will County Sheriff, Paul Kaupas, a copy

of the letter mailed to Warden Michael O'Leary in accordance with Plaintiff's

instructions by first class U.S. Mail, postage pre-paid on June 6, 2007.

     19.     Subsequently, Michael O'Leary, in his capacity of Will County Adult

Detention Facility warden, failed to release the Plaintiff in accordance with the provisions

of the Contempt Mittimus for Plaintiff's good behavior pursuant to 730 ILCS 130/3.

Michael O'Leary deprived Plaintiff of his right early release.

     20.     Paul Kaupas, in his capacity of Will County Sheriff, at all times relevant

hereto, oversaw and managed the administration and execution of 730 ILCS 130/3 at the

Will County Adult Detention Facility otherwise commonly referred to as the Will County

Jail. Paul Kaupas deprived Plaintiff of his right to early release in accordance with the

clear unambiguous language contained in the Contempt Mittimus' in accordance his

duties under Illinois law. Paul Kaupas willfully deprived Plaintiff of his liberty having

been duly earned under the provisions of 730 ILCS 130/3 in violation of the 14th

Amendment to the U.S. Constitution.

21.     An unknown Administrative Secretary, an employee of the Will County
Adult Detention Facility, in response to Plaintiff's insistence of obtaining his early
release and Plaintiff's certified letter to Michael O'Leary, phoned James E. Garrison, and
asked whether he intended to have Plaintiff serve the full 20 days of incarceration in
accordance with the Contempt Mittimus. Judge Garrison responded that Plaintiff was to
remain in the Sheriff's custody for the full 20 day sentence.

22.     Michael O'Leary stated in his letter dated June 11, 2007 (Exhibit C) that
his review of the Court Order's language clearly required Plaintiff to serve the full 20
days of time of incarceration. This letter was copied to Will Co. State's Attorney, James
Glasgow and Sheriff Paul J. Kaupas.

23.     James Glasgow, at all times relevant hereto, was the Will County State's
Attorney. James Glasgow is the only cognizable legal representative of the County of
Will and the Will County Board. James Glasgow advises the Will County Board and the
Will County Sheriff in matters of law and matters relevant to due process of law in
accordance with his duties as Will County State's Attorney. Upon information and belief,
despite having been mailed a copy of the letter addressed to Michael T. O'Leary, James
Glasgow failed to advise Warden Michael T. O'Leary and Sheriff Paul Kaupas of their
duties under the clear provisions of the Contempt Mittimus that had been given to Sheriff
Paul Kaupas and Warden Michael T. O'Leary. As a result of the failure of Will County
State's Attorney James Glasgow to secure the early release of Plaintiff, Plaintiff was
required to remain for 10 additional days without early release in accordance with 730
ILCS 130/3, thereby depriving Plaintiff of the liberty to which he was entitled.

24.    James Garrison, deprived Plaintiff of due process of law by disallowing Plaintiff to remain silent in the face of his accusations of "criminal abuse of the court system" that had been made during Ms. Bally's presentation of her (3) motions by Judge Garrison. The deprivation to Plaintiff of his right to remain silent in the face of an enraged, out of control judge that had already concluded proceedings, deprived Plaintiff of his rights to due process of law. James Garrison, under color of law, used his position as a Will County Associate Circuit Judge, to incarcerate Plaintiff without due process of law and to thwart any resistance to his efforts to railroad Plaintiff's fiance' with a fraudulent mortgage foreclosure action that had been brought by Mortgage Electronic Registration Systems, Inc. even though MERS did not own the note and did not hold a security interest in the mortgage. Judge Garrison's continued railroading of Janine Bally in spite of indisputable evidence that indicated that Mortgage Electronic Registration Systems had no standing to have filed the foreclosure action was relentlessly and ruthlessly undertaken under color of law by Judge Garrison. Judge Garrison, in his attempt to have Ms. Bally enter into a settlement agreement, what was an obviously fraudulent foreclosure action by Mortgage Electronic Registration Systems, Inc., threatened Ms. Bally with criminal prosecution for abusing "the court system", and did incarcerate Plaintiff for attending Ms. Bally's presentation of her motions on May 25, 2007, without due process of law. James Garrison, under color of law, conducted his abusive browbeating and intimidation of Plaintiff with questions as to Plaintiff's identity and reason for being in the courtroom despite his full knowledge of Plaintiff's identity and Plaintiff's reason for Plaintiff being present in the courtroom. James Garrison, under color of law, used his judicial powers despite his having obtained confirmation from the

9

Deputy Circuit Clerk that no further cases were appearing on the docket for his morning call on May 25, 2007. James Garrison, under color of law, had issued rulings and instructions to MERS' counsel to prepare an order consistent with his rulings and then asked the Deputy Circuit Clerk if any other cases were pending on the morning's call. Upon concluding instructions to MERS' counsel, each Ms. Bally and MERS' counsel returned to their seats. These abusive actions by James Garrison were done under color of law, with malice and intent to incarcerate either Ms. Bally or Mr. Schneider or both for having obtained and entered indisputable evidence into the court record of the fraudulent nature of the promissory note admitted at trial and Judge Garrison's bias and prejudice for MERS and against Ms. Bally. These actions were taken to protect the obvious fraud perpetrated upon Ms. Bally in having pled in the complaint that MERS was the legal holder and owner of the underlying indebtedness. The promissory note showed that MERS had never owned the note. The promissory note attached to the complaint was not the same note admitted at trial. MERS had pled at status hearing on September 16, 2005 that they were not the legal holder or owner of the underlying indebtedness. Moreover, Illinois statute requires that the note attached to the complaint be construed to be a true and correct copy of the note. ERGO, the note admitted at trial was inadmissible into evidence under Illinois law. Despite these facts, Judge Garrison entered an Order approving MERS' Motion for Judgment of Foreclosure and Sale and indicated a date certain for a redemption period. Under Illinois case law, such a ruling makes this a final appealable order. Despite a timely filing of a Notice of Appeal, the circuit court clerk and the clerk of the appellate court conspired to deprive Ms. Bally of her right to copies of the

10

videotapes of the proceedings of status hearing and trial to protect MERS' counsel from obvious fraud upon the court. The matter is pending before the U.S. Supreme Court.

## COUNT I

### JAMES E. GARRISON
### (individually)
### FALSE ARREST/FALSE IMPRISONMENT

25.    Plaintiff re-alleges and incorporates herein the foregoing paragraphs 1-24.

26.    As a result of the actions taken by James Garrison, Plaintiff has suffered injury from Defendant's deprivation to Plaintiff's civil rights under due process of law.

WHEREFORE, Plaintiff request that the Court enter judgment in favor of the Plaintiff:

a) For damages both damages in an amount greater than $100,000.00

b) For such other relief further and different from that herein requested as the Court deems just.

c) For Plaintiff's costs and attorney's fee, if any.

## COUNT II

### MICHAEL F. O'LEARY
### (Individually and in his official capacity as
### Warden of the Will Co. Adult Detention Facility)
### Deprivation to Plaintiffs Right to Early Release for Good Behavior
### Pursuant to 730 ILCS 130/3
### Deprivation to Plaintiff's civil rights and liberties.
### 14th Amendment to the U.S. Constitution

27.    Plaintiff realleges paragraphs 1 through 24 herein.

28.    As a result of Defendant's inaction by failing to release Plaintiff with time off of his sentence for good behavior, Plaintiff was deprived of his civil rights to liberty through Defendant's failure to release Plaintiff in accordance with due process of law.

11

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff:

a) For damages in an amount greater than $100,000.00

b) For such other relief further and different from that herein requested as the Court deems just.

c) For Plaintiff's costs and attorney's fees, if any.

## COUNT III

**PAUL J. KAUPAS**
**(Individually and in his official capacity as Sheriff of Will Co. Il.)**
**Deprivation to Plaintiffs Right to Early Release for Good Behavior**
**Pursuant to 730 ILCS 130/3**
**Deprivation to Plaintiff's civil rights and liberties.**
**14th Amendment to the U.S. Constitution**

29.     Plaintiff realleges paragraphs 1 through 24 herein.

30.     As a result of Defendant's inaction by failing to release Plaintiff with time off of his sentence for good behavior, Plaintiff was deprived of his civil rights to liberty through Defendant's failure to release Plaintiff in accordance with due process of law

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff:

a) For damages in an amount greater than $100,000.00

b) For such other relief further and different from that herein requested as the Court deems just.

c) For Plaintiff's costs and attorney's fees, if any.

## COUNT IV

### COUNTY OF WILL
### Deprivation of Plaintiff's Civil Rights
### In violation of the 14th Amendment to the U.S. Constitution

31.　Plaintiff realleges the facts of the foregoing paragraphs.

32.　The misconduct and deprivation to the rights to early release under

Illinois' County Jail Good Behavior Allowance Act, 730 ILCS 130 et seq. was

undertaken pursuant to the policy and practice of the Will County Sheriff's Department,

the County of Will, and the Will County Adult Detention Facility.

i.　As a matter of policy and practice, the Defendant failed to
adequately train, supervise, legally advise and control the
administration of the County Jail Good Behavior Allowance
Act, such that the Plaintiff was deprived of his rights to early
release and as a consequence suffered emotional distress
and physical suffering and anguish.

ii.　As a matter of policy and practice, the Defendant facilitated
the ongoing misconduct by failing to provide a pre-deprivation
hearing of process to facilitate the early release of the Defendant
thereby causing Plaintiff emotional distress, physical suffering
and anguish.

iii.　As a matter of policy and practice, the Defendant failed to
correct the policy or establish a process whereby the Defendant
could obtain an Administrative Hearing before the Will County
Adult Detention Facility's Warden to allow for the early release

13

of prisoners in the Will County Adult Detention Facility.

iv.    The Will County Board was aware of the misconduct

described in the foregoing paragraphs and failed to take

corrective action or release the Plaintiff in accordance

with the clear and unambiguous language in the Contempt

Mittimus.

W HEREFORE, Plaintiff requests that the Court enter judgment in favor of the

Plaintiff:

a) For damages in an amount greater than $100,000.00

b) For such other relief further and different from that herein requested as the

Court deems just.

c) For Plaintiff's costs and attorney's fees, if any.

d) For punitive damages in excess of $2,000,000.00

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

B. Michael Schneider, Plaintiff, pro se
126 Inner Ct.
New Lenox, Il. 60451
815/546-3616 (cell)

14

STATE OF ILLINOIS )
                  ) SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

MORTgAge Electronic
Regis. Systems, Inc.

**VS**

CASE NO: 01 CH 1236

JANINE BALly, et Al

## CONTEMPT MITTIMUS

**TO THE SHERIFF OF WILL COUNTY:**

You are commanded to take and keep custody of _MICHAEL SCHNEIDER_

in the common jail of your county until _WED June 13, 2007._

or until released by process of law, pursuant to the order of this court entered _5/25_ , 20_07_

This commitment shall not exceed a period of 6 months*.

You are to serve this writ and return it without delay.

_5/25_, 20_07_

(Seal of Court)

_James E Garrison_
Judge's Signature

## RETURN

On _MAY 25_ , 20_07_ , I took custody of _MICHAEL SCHNEIDER_

_____ and I am keeping him in the common jail of

of this County.

*Delete if inapplicable.

_Stu Koon 00967_
(Sheriff)

**27E** (Revised 05-03) CRCNMI   2 sided form


**EXHIBIT**
**A**


RECEIVED FROM _____ St. Charles, B-Pod, 6/6/07.

*Via Certified Mail/Return Receipt Requested*
*# 7004 2510 0000 5322 2009*

June 6, 2007

Warden Michael F. O'Leary
Will County Adult Detention Facility
95 South Chicago Street
Joliet, IL 60436

Re: Bruce Michael Schneider
    CIMIS 2007-0004702
    Book Date: 5/25/07
    Sentenced: 20 Days Criminal Contempt of Court

Dear Warden O'Leary:

The following letter was dictated to me by Michael Schneider via phone on June 6, 2007.

Attached herewith is a copy of the court order in which Judge Garrison indicates that the Court found Michael Schneider in Direct Criminal Contempt of Court and sentenced to 20 days in the Will County Jail.

I, Michael Schneider, state that the order does not exclude the provisions I am entitled to under the County Jail Good Behavior Allowance Act 730 ILCS 130/3. The Contempt Mittimus is available in your files and I, Michael Schneider, have a copy of it and it is clear in the language of the Mittimus that the Sheriff was "commanded to take and keep custody of Michael Schneider until Wednesday, June 13, 2007 or until released by process of Law, pursuant to the Order entered 5/25/07.

The administrative secretaries at the Adult Detention Facility have informed various C.O.'s in E-POD and in B-POD that the Court Mittimus indicates that Mr. Schneider is to remain in custody until June 13, 2007 in response to Mr. Schneider's numerous inquiries filed with the POD C.O.'s on form No. 22.

The language of the Mittimus is clear that custody was to the Sheriff until June 13, 2007 "or until released by process of law." The words "or until released by process of law" clearly allows for early release for good behavior under 730 ILCS 130/3.

I have been an exemplary inmate in that I have not received any bad marks during my stay at your facility. However, most C.O.'s have inhibited me from speaking with the Sergeants or shift

EXHIBIT
B

supervisors to rectify the failure of my release by applying the clear provisions of early release under the day for day allowance, 730 ILCS 130/3.

Since it is clear that I, Michael Schneider, am entitled to Due Process of Law under the 14th Amendment to the U.S. Constitution. Not only am I, Michael Schneider, entitled to the damages allowed for under 730 ILCS 130/3, I am also entitled to compensatory damages by the failure of your facility to properly apply the law which should have released me on Monday, June 4, 2007.

Therefore, I am requesting that you immediately release me under the provisions of the County Jail Good Behavior Allowance Act 730 ILCS 130/3. I would hope that your duty to ensure that inmates obtain their due process rights is not breached by the efforts and non-efforts of detention facility employees.

I must underscore that Mr. Schneider has directed me to type this letter as it was dictated to me via phone on June 6, 2007.

Very truly yours,



126 Inner Court
New Lenox, IL 60451
As dictated to me by Mr. Schneider, via phone, on June 6, 2007

Attachment


cc:  Mr. James Glasgow
      Will County States Attorney
      121 North Chicago Street
      Joliet, IL 60432

      Mr. Paul Kaupas
      Will County Sheriff
      14 West Jefferson Street
      Joliet, IL 60432

EXH.
B



# PAUL J. KAUPAS
*WILL COUNTY SHERIFF*

Will County Courthouse
14 W. Jefferson Street
Joliet, Illinois  60432

Telephone:  815/727-8895
Fax:  815/727-8565
*Website: www.willcosheriff.org*

June 11, 2007

Mr. Michael Bruce Schneider
Cimis #2007-0004702
Will County Adult Detention Facility, B-25

Mr. Schneider:

I wish to take this opportunity to respond to your letter and received on this date.

The issues and concerns mentioned in your correspondence have been thoroughly reviewed.

In examining the very detailed court orders involving your cases, it is overwhelming apparent that Judge Garrison's intent is to hold you in custody at the Will County Adult Detention Facility until Wednesday, June 13th, 2007.  If Judge Garrison's had intended to allow for "good time/behavior" the court documents would have clearly indicated such, which they did not.

Therefore the basis of your complaint is unfounded.

MICHAEL O'LEARY
Chief Deputy/Warden
Will County Adult Detention Facility
95 South Chicago Street
Joliet, Illinois  60436

MO/mfn

Cc:   Sheriff Paul Kaupas
State's Attorney James Glasgow
File

Attachments

EXHIBIT
C

STATE OF ILLINOIS )
)SS
COUNTY OF WILL )

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

FILED
2007 MAY 25 AM 11: 08

CLERK, CIRCUIT COURT
WILL COUNTY, ILLINOIS
WILL COUNTY COURT ANNEX

_____
Plaintiff
vs
_Michael Schneider_
Defendant

CASE NO: _____

**COURT ORDER**

This court finds one Michael Schneider in direct criminal contempt of this court. On 5/25/07 Mr. Schneider engaged in conduct which challenged the courts authority; obstructed the courts proceedings far beyond simple disrespect for the court.

The conduct for which Mr. Schneider is being held in contempt was his willful defiance on several occasions in refusing to identify himself by name, refusing to answer the courts questions to him regarding his name and the reason for his presence in court and after turning his back to the court shouted in a raised defiant tone who was the court trying to intimidate them

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

Dated: _____, 20_____

Entered: _____
Judge

EXHIBIT
D

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court    Yellow – Plaintiff    Pink – Defendant

17 D Revised (06/06)

STATE OF ILLINOIS )
                  )SS
COUNTY OF WILL    )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS    2007 MAY 25 AM 11: 08

CLERK, CIRCUIT COURT
WILL COUNTY, ILLINOIS

_____
        Plaintiff
        vs

        Schneider
_____
        Defendant

CASE NO: _07 CC 2____

## COURT ORDER

This conduct was in open court directly
observed by the court and took place in
courtroom 17 will county court house annex.
It should also be noted that this conduct
occurred after the plaintiff in 01CH 1236 -
had filed 3 clearly frivolous motions
before the court regarding a foreclosure
judgement about to be entered and summary
judgement being entered on plaintiffs counter-
claims in the foreclosure proceeding. The
court notes that after plaintiffs trial
counsel had withdrawn earlier that in
the foreclosure proceeding
Contemnor had been present on numerous
occasions with the Plaintiff and in fact had
testified at the foreclosure hearing.

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

Dated: _____, 20____

Entered: _____
                    Judge

EXHIBIT D

PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

White – Court    Yellow – Plaintiff    Pink – Defendant

17 D Revised (06/06)

STATE OF ILLINOIS )
                  )SS
COUNTY OF WILL    )

P 3 of 3 FILED

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

2007 MAY 25  AM 11:08

CLERK, CIRCUIT COURT
WILL COUNTY, ILLINOIS

_____
        **Plaintiff**
          vs

_Michael Schneider_
        **Defendant**

CASE NO: _____07CC2_____

**COURT ORDER**

The court sentences contemnor
to 30 days in the will county jail
beginning 5/25/07.

In imposing this punishment the
court considered the defiance of the
contemnor, misdemeanor and the necessity of effectively
stopping this conduct (against the
lengthy & contentious history of the
foreclosure proceeding when a judgment
of foreclosure was about to be entered) at the
end of the foreclosure & the continuous
stream of frivilous motions being filed
and which contemnor is obviously
orchestrating.

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

Dated: ___5/25___, 20_07_

Entered: _____
                              Judge

**EXHIBIT D**

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court    Yellow – Plaintiff    Pink – Defendant

17 D Revised (06/06)