# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| B. MICHAEL SCHNEIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 3054 |
| ) | |
| COUNTY OF WILL, a unit of local ) | Wayne R. Andersen |
| government, PAUL J. KAUPAS, individually ) | District Judge |
| and as Sheriff of Will County, and MICHAEL ) | |
| F. O'LEARY, individually and as Warden of ) | |
| the Will County Adult Detention Facility, ) | |
| Unknown Administrative Secretary(s) and ) | |
| Unknown Correctional Officers of the Will ) | |
| County Adult Detention Facility, individually ) | |
| and in their official capacities, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This case arises from plaintiff Michael Schneider's incarceration in the Will County Adult Detention Facility pursuant to a criminal contempt order entered against him by a state court judge in May 2007. In connection with the circumstances surrounding his incarceration, plaintiff has filed a third amended complaint against defendants Will County, Sheriff Paul Kaupas, Warden Paul O'Leary and other unidentified defendants. Defendants have moved to dismiss plaintiff's complaint. For the following reasons, defendants' motion to dismiss is granted.

### BACKGROUND

Pursuant to a criminal contempt court order entered by Judge James Garrison on May 25, 2007, plaintiff was taken into custody and ordered to remain in custody until June 13, 2007 or until released by process of law. About halfway through his incarceration, plaintiff alleges that

he requested a hearing relating to his claim that he should be released pursuant to the County Jail Good Behavior Allowance Act, 730 ILCS 130/3. Plaintiff alleges that he was entitled to good behavior credit while serving his contempt sentence. Plaintiff alleges that he made a request on June 3, 2007 for a hearing regarding his release. He was not given a hearing. Plaintiff alleges that he then sent a letter to Warden O'Leary and Sheriff Kaupas on June 6, 2007 through his fiancé. In that letter, plaintiff claims that he requested release pursuant to the County Jail Good Behavior Allowance Act. In response to plaintiff's letter, Warden O'Leary contacted Judge Garrison regarding plaintiff's request for early release and the court's order. Plaintiff alleges that Judge Garrison informed Warden O'Leary that plaintiff was to be held until June 13, 2007. On June 11, 2007, plaintiff alleges that Warden O'Leary replied to his June 6th letter and explained that Judge Garrison directed that plaintiff remain in custody for the full twenty days of his sentence. Plaintiff was released on June 13, 2007 and subsequently filed this lawsuit.

Since filing his original complaint, plaintiff has filed three amended complaints. Defendants have filed motions to dismiss each of the complaints. The court has not ruled on any of defendants' motions because plaintiff continues to amend his complaint. Defendants' motion to dismiss plaintiff's second amended complaint is fully briefed. However, plaintiff again has filed a motion for leave to file a third amended complaint. After reviewing the third amended complaint, it is clear that plaintiff does not add any new causes of action, but rather attempts to clarify his claims and also removes some claims that were legally deficient. In the third amended complaint, plaintiff asserts 28 U.S.C. § 1983 claims against Sheriff Kaupas, Warden O'Leary, unknown correctional officers and an unknown administrative secretary for deprivation of his liberty without due process of law (Counts I, II, V, VIII); a section 1983 *Monell* claim against Will County (Count IV); a state law claim against Will County for indemnification (Count III);

state law claims against Sheriff Kaupas and Warden O'Leary for intentional infliction of emotional distress (Count VI and VII); and a respondent superior state law claim against Will County (Count IX).

In order to resolve this matter with finality, the court grants plaintiff's motion for leave to file his third amended complaint. Because the arguments raised in defendants' motion to dismiss the first and second amended complaints as well as plaintiff's arguments in opposition to the motion remain applicable to the third amended complaint, the court will evaluate defendants' pending motion to dismiss as applied the third amended complaint and review all of the legal memoranda submitted in support of and opposition to defendants' motion. The court finds that the parties have had a full opportunity to address the legal arguments the court has relied upon in deciding the motion to dismiss.

## DISCUSSION

The essence of each of the claims in plaintiff's third amended complaint is the same, namely that plaintiff should have received good behavior credit under the County Jail Good Behavior Allowance Act, 730 ILCS 130/3 (1992), and therefore should have been released from custody after serving half of his 20-day contempt sentence. Defendants, however, argue that Sheriff Kaupas and Warden O'Leary have absolute immunity under the doctrine of quasi-judicial immunity because the allegedly wrongful period of incarceration was specifically directed by Judge Garrison. The court agrees.

Absolute immunity afforded to judges has been extended to apply to "quasi-judicial conduct" of "[n]on-judicial officials whose official duties have an integral relationship with the judicial process."*Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The Seventh Circuit has recognized that, when a law enforcement officer acts pursuant to the explicit

direction of a judge acting in a judicial capacity, the absolute immunity enjoyed by the judge also extends to the law enforcement officer. *Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir. 2001); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *Henry v. Farmer*, 808 F.2d 1228, 1238-39 (7th Cir. 1986). The justification for extending absolute immunity to a law enforcement official "is most compelling when the lawsuit challenges conduct specifically directed by the judge, and not simply the manner in which the judge's directive was carried out." *Richman*, 270 F.3d at 437.

Accepting the allegations contained in plaintiffs third amended complaint as true, defendants' motion to dismiss must be granted. The Contempt Mittimus order signed by Judge Garrison specifically states that plaintiff should remain in custody until June 13, 2007 or until released by process of law. Plaintiff acknowledges in his complaint that Sheriff Kaupas and/or Warden O'Leary received some oral communication from Judge Garrison to keep plaintiff in custody until June 13, 2007. Plaintiff's incarceration was specifically directed by Judge Garrison, and plaintiff is not challenging the manner in which Sheriff Kaupas or Warden O'Leary executed the contempt mittimus order. Sheriff Kaupas and Warden O'Leary were bound to keep plaintiff in custody for the duration specified by Judge Garrison. Because the duration of his incarceration was specifically directed by Judge Garrison, Sheriff Kaupas and Warden O'Leary therefore are entitled to absolute immunity under the doctrine of quasi-judicial immunity. Extending immunity in this way recognizes the unfairness in holding a law enforcement official accountable for conduct he or she was powerless to avoid. Therefore, Counts I, II, V and VIII must be dismissed.

Since plaintiff cannot establish a constitutional violation against anyone in the Sheriff's Office then, as a matter of law, he cannot establish a *Monell* claim against the Sheriff's Office. A

section 1983 claim will not lie against a local governmental entity unless there can be a finding that some officer of the entity is liable on the underlying substantive claim. *See Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003). Because the doctrine quasi-judicial immunity precludes plaintiff from establishing that anyone in the Sheriff's Office violated his federal constitutional rights, he likewise is unable to state claim under section 1983 against the Sheriff's Office. Therefore, Count IV must be dismissed. Finally, in light of Seventh Circuit precedent, this court declines to exercise supplemental jurisdiction over the remaining state law claims Therefore, Counts III, VI, VII, and VII must be dismissed.

## CONCLUSION

For all of the reasons stated in the court's Memorandum Opinion and Order, defendants' motion to dismiss [58] is granted. Counts I, II, IV, V and VIII are dismissed with prejudice, and Counts III, VI, VII and IX are dismissed without prejudice for lack of supplemental jurisdiction. No appearance is required on October 1, 2009. This is a final and appealable order.

It is so ordered.

                                                         Wayne R. Andersen
                                                     United States District Court

Dated: August 21, 2009