IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| B. MICHAEL SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3054 |
| | ) | |
| COUNTY OF WILL, a unit of local government, | ) | Judge Wayne R. Andersen |
| PAUL J. KAUPAS, individually and as Sheriff of Will | ) | |
| County, and MICHAEL F. O'LEARY, individually and | ) | |
| as Warden of the Will County Adult Detention Facility, | ) | |
| Unknown Administrative Secretary(s) and Unknown | ) | |
| Correctional Officers of the Will County Adult Detention | ) | |
| Facility, individually and in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES
## TO THIRD AMENDED COMPLAINT

Defendants, COUNTY OF WILL, PAUL KAUPAS and MICHAEL O'LEARY, by and through their undersigned attorneys, and for their Amended Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint, state as follows:

1. This action for violations to Plaintiff's civil rights including several state law claims is brought pursuant to 42 U.S.C. 1983 to redress the deprivation under color of law of Plaintiff's right's secured by the U.S. Constitution.

**ANSWER:** Defendants admit that purports to assert federal claims pursuant to 42 U.S.C. §1983 and supplemental state law claims, but deny that those claims are sufficiently pled and further deny that Plaintiff's rights were violated.

2. This court has jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367 and venue is proper under 28 U.S.C. 1391(b). On information and belief, all parties reside in this judicial district, and the events rise to the claims asserted herein occurred within the district.

**ANSWER:** Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(b). Defendants further admit that venue is proper in this District pursuant to 28 U.S.C. §1391. Defendants deny the remaining allegations in paragraph 2.

3. Paul Kaupas is the Sheriff of Will County, IL at all relevant times hereto. This defendant is sued in both his individual and official capacities.

**ANSWER:** Defendants admit that in May and June 2007, Paul Kaupas was the duly elected Sheriff of Will County. Defendants further admit that Plaintiff purports to assert personal capacity and official capacity claims against Sheriff Kaupas. Defendants deny the remaining allegations in paragraph 3.

4. Michael O'Leary is the Chief Deputy/Warden of the Will County Adult Detention Facility who oversaw and managed the Will County Adult Detention Facility at all relevant times hereto. This defendant is sued in both his individual and official capacities.

**ANSWER:** Defendants admit that in May and June 2007, Michael O'Leary was the Warden of the Will County Adult Detention Facility ("ADF"). Defendants further admit that Plaintiff purports to assert personal capacity and official capacity claims against Warden O'Leary. Defendants deny the remaining allegations in paragraph 3.

5. County of Will is a unit of local government in the State of Illinois and is a nominal defendant named pursuant to Carver v. Sheriff of LaSalle Co., 324 F. 3d 947.

**ANSWER:** Defendants admit that the County of Will is a body politic under Illinois law and further admit that the County is named as a nominal defendant only. Defendants deny the remaining allegations in paragraph 5.

6. Unknown Correctional Officers if the Will County Adult Detention Facility that interfered with Plaintiff's rights to obtain a hearing on the issue of release on June 3, 2007 pursuant to County Jail Good Behavior Allowance Act. These defendants are sued in both their individual and official capacities.

**ANSWER:** Defendants deny the allegations in paragraph 6.

2

7.  Unknown to Administrative Secretary(s) of the Will County Adult Detention Facility during the time which Plaintiff was incarcerated between May 25, 2007 and June 13th, 2007. The defendant(s) is (are) sued in both their individual and official capacities.

**ANSWER:** Defendants deny the allegations in paragraph 7.

8.  Plaintiff was sentenced to 20 days in the Will Co. Jail for Direct Criminal Contempt of Court. The Court Order specified that Plaintiff was to begin serving his 20 day sentence for direct criminal contempt of court on May 25, 2007 and was to complete his sentence on June 13, 2007 "or until released by process of law according to the Contempt Mittimus (Exh. A Court Order, p. #3) (See also Exh. B Contempt Mittimus).

    During the time of incarceration, several Will Co. Adult Detention Facility Correctional Officers interfered with Plaintiff's right to obtain the lawful process necessary for Plaintiff's review of the term of his incarceration in the circuit court pursuant to the Illinois Administrative Review Law. These unidentified individuals would transfer Plaintiff from E Pod, the cell block that Plaintiff was originally assigned, to B Pod cell block, and a cell that was designed for occupancy by only one inmate and was inadequately ventilated for (2) prisoners. The prisoner that Plaintiff was incarcerated with had pled guilty to sexually molesting his son and daughter and suffered with a severe respiratory infection.

**ANSWER:** Defendants admit that Plaintiff was sentenced to serve 20 days in custody for contempt of court. Defendants further admit that Plaintiff was taken into custody on May 25, 2007. Defendants deny the remaining allegations in paragraph 8.

9.  The Court Order sentenced Plaintiff to 20 days beginning May 25, 2007 and contained no language disallowing the application of the County Jail Good Behavior Allowance Act.

**ANSWER:** Defendants deny the allegations in paragraph 9.

10. The Contempt Mittimus indicated that Plaintiff was to be held "until June 13, 2007, or until released by process of law." The Contempt Mittimus contained no language disallowing the application of the County Jail Good Behavior Allowance Act.

**ANSWER:** Defendants deny the allegations in paragraph 10.

11. Plaintiff served out the full 20 days of his sentence with good behavior over his objection to the unjustified deprivation to his entitled right to release for good behavior on June 3, 2007.

**ANSWER:** Defendants deny the allegations in paragraph 11.

12. During the time that Plaintiff believed he should have been released and while he was still incarcerated, Plaintiff received no notice of revocation of the good behavior credit earned by Plaintiff as required under the County Jail Good Behavior Allowance Act, 730 ILCS 130/3.1.

**ANSWER:** Defendants admit that there was no revocation of any good behavior credit for Plaintiff. Defendants deny the remaining allegations in paragraph 12.

13. After Plaintiff was retained in custody past June 3, 2007 and requested a hearing before anyone with "final decision making authority" related to Plaintiff's assertions that he was entitled to have been released, several unidentified correctional officers and employees of the Will Co. Adult Detention Facility interfered with Plaintiff's right to obtain a hearing with a "final decision making authority." Plaintiff was deprived of the hearing requested and subsequent "written decision" as required under 730 ILCS 130/3.1.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. On or about June 6, 2007 Plaintiff was transferred from E Pod to B Pod and incarcerated in a cell designed for occupancy by a single inmate without adequate ventilation for two people.

**ANSWER:** Defendants deny the allegations in paragraph 14.

15. Plaintiff was transferred from E Pod to B Pod on or about June 6, 2007 and incarcerated with a prisoner who had pled guilty to sexually molesting both his son and daughter and suffered with a severe respiratory infection.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Plaintiff, with the assistance of his fiancé, Janine Bally, dictated a letter to Chief Deputy Warden O'Leary. She addressed and mailed a letter to Chief Deputy Warden Michael O'Leary, Will County State's Attorney James Glasgow and Sheriff Paul Kaupas requesting release pursuant to the County Jail Good Behavior Allowance Act.

**ANSWER:** Defendants admit that on June 11, 2007, Warden O'Leary received a letter in the mail which requested the release of Plaintiff. Defendants deny the remaining allegations in paragraph 16.

17. Upon information and belief, sometime after June 7, 2007, at the order of Michael O'Leary and/or Paul Kaupas, an unknown administrative secretary of the Will County Adult Detention facility phoned the trial judge, Judge James Garrison, to confirm that

4

Plaintiff was to be held until June 13, 2007 without allowance for the day for day provisions of the County Jail Good Behavior Act. According to Correctional Officer Santarelli, James Garrison told the unknown administrative secretary that Plaintiff was to be held until June 13, 2007.

**ANSWER:** Defendants admit that on or about June 11, 2007, a Sheriff's Office employee confirmed with the state court judge that Plaintiff was to remain in custody until June 13, 2007. Defendants lack information sufficient to form a belief as to the allegation concerning Correctional Officer Santarelli. Defendants deny the remaining allegations in paragraph 17.

18. Michael O'Leary responded to the June 6th 2007 letter that Plaintiff had mailed through the efforts of Janine Bally with a letter on June 11th 2007. In this letter, Michael O'Leary responded that the language of the court order clearly intended for Plaintiff to be held until June 13, 2007. No response or intervention was had from Will Co. State's Attorney, James Glasgow, or Sheriff Paul Kaupas. Plaintiff was released from incarceration on June 13, 2007.

**ANSWER:** Defendants admit that Warden O'Leary sent a letter to Plaintiff on June 11, 2007. Defendants admit that Sheriff Kaupas did not respond to Plaintiff's letter, but deny that Sheriff Kaupas received Plaintiff's letter. Defendants lack information sufficient to form a belief as to the allegations concerning the State's Attorney. Defendants admit that Plaintiff was released from custody on June 13, 2007. Defendants deny the remaining allegations in paragraph 18.

19. Upon information and belief, other prisoners incarcerated at the Will County Adult Detention facility are deprived of their rights to release from incarceration and their rights to access to the courts pursuant to the County Jail Good Behavior Allowance Act.

**ANSWER:** Defendants deny the allegations in paragraph 19.

**COUNT I**
**Due Process claim against Paul Kaupas**
**(Individual Capacity)**

20. Each of the foregoing paragraphs are incorporated as if restated in full herein.

**ANSWER:** Defendants adopt and incorporate their responses to the foregoing paragraphs as though fully restated here.

21. As described in the foregoing paragraphs, Paul Kaupas, under color of law, did not release the Plaintiff on June 3, 2007 and released the Plaintiff on June 13th, 2007 thereby depriving Plaintiff of his liberty interest without due process of law.

**ANSWER:** Defendants deny the allegations in paragraph 21.

22. Plaintiff requests judgment be entered for compensatory damages in a sum not less than $100,000.00.

**ANSWER:** Defendants admit that Plaintiff seeks compensatory damages but deny that he is entitled to any relief whatsoever.

23. Plaintiff requests judgment for punitive damages be entered against the defendant in a fair and reasonable amount.

**ANSWER:** Defendants admit that Plaintiff seeks punitive damages but deny that he is entitled to any relief whatsoever.

24. Plaintiff requests an award of attorney's fees and costs, if any.

**ANSWER:** Defendants admit that Plaintiff seeks attorney's fees and costs but deny that he is entitled to any relief whatsoever.

25. Plaintiff requests such other relief as the court deems just.

**ANSWER:** Defendants admit that Plaintiff seeks other relief but deny that he is entitled to any relief whatsoever.

### COUNT II
### Due Process claim against Michael O'Leary
### (Individual Capacity)

26. Each of the foregoing paragraphs are incorporated as if restated fully herein.

**ANSWER:** Defendants adopt and incorporate their responses to the foregoing paragraphs as though fully restated here.

27. As described in the foregoing paragraphs, defendant, Michael O'Leary, under color of law, deprived Plaintiff of liberty without due process of law.

**ANSWER:** Defendants deny the allegations in paragraph 27.

28. Plaintiff requests judgment be entered for compensatory damages in a sum not less than $100,000.00.

**ANSWER:** Defendants admit that Plaintiff seeks compensatory damages but deny that he is entitled to any relief whatsoever.

29. Plaintiff requests judgment for punitive damages be entered against Michael O'Leary in a fair and reasonable amount.

**ANSWER:** Defendants admit that Plaintiff seeks punitive damages but deny that he is entitled to any relief whatsoever.

30. Plaintiff requests an award of attorney's fees and costs, if any.

**ANSWER:** Defendants admit that Plaintiff seeks attorney's fees and costs but deny that he is entitled to any relief whatsoever.

31. Plaintiff requests such other relief as the court deems just.

**ANSWER:** Defendants admit that Plaintiff seeks other relief but deny that he is entitled to any relief whatsoever.

### COUNT III
### Indemnification claim against County Of Will
### (pursuant to 745 ILCS 10/9-102)

32. The County of Will is joined here as a party defendant for indemnification purposes pursuant to the Illinois Supreme Court's ruling in Carver v. LaSalle Co., 324, F.3d 947, 948 (7th Cir. 2003).

**ANSWER:** Defendants admit that the County of Will is named as a nominal defendant for indemnification purposes only, but deny that Plaintiff is entitled to any relief whatsoever.

### COUNT IV
### Failure to Train and Supervise claim against Sheriff Kaupas and Warden O'Leary
### (Official Capacity)

33. The Will County Adult Detention Facility Employees, the Chief Deputy/Warden and the Will County Sheriff have failed to supervise and establish adequate training of correctional officers, and the detention facility supervisors on the managerial and due

process procedures specifically mandated by the County Jail Good Behavior Act, 730 ILCS 130/3.1.

**ANSWER:** Defendants deny the allegations in paragraph 33.

34. Sheriff Kaupas and Chief Deputy/Warden O'Leary have failed to supervise the employees of the Will County Adult Detention Facility on the due process required under the County Jail Good Behavior Act by their willful, wanton and reckless indifference to the rights of prisoners incarcerated at the Will County Adult Detention Facility. As a result, prisoners are often deprived of their entitlements to release under the County Jail Good Behavior Act and their rights to access the courts and obtain the due process required under the Act.

**ANSWER:** Defendants deny the allegations in paragraph 34.

35. Inadequate training, supervision and an irrational indifference to the right of prisoners to be released for good behavior results in inflated prisoner populations upon which the Sheriff relies to justifies expanding the Wilt County Adult Detention Facility.

**ANSWER:** Defendants deny the allegations in paragraph 33.

36. The failure to provide the training and supervision to correctional officers, administrative secretaries, and other personnel responsible for the administration and execution of the County Jail Good Behavior Act adversely impacts the expenses of the Will County Adult Detention Facility by depriving prisoners of release who should be released pursuant to the provisions of the day off for each day of good behavior served under the Act. The expense of keeping prisoners beyond their required dates of incarceration is unjustified and unduly expensive to the taxpaying citizens of Will Co., IL.

**ANSWER:** Defendants deny the allegations in paragraph 33.

37. Plaintiff requests this Court issue permanent injunctive relief and institute a monitoring program whereas any U.S. District Court in the Eastern Division of the Northern District of Illinois may summon the Sheriff, the Chief Deputy/Warden, or any employee of the Will County Sheriff's Department or the wm County Adult Detention Facility to audit and verify that the institution of procedures, training, administration and execution of the County Jail Good Behavior Act and the legal process mandated therein is being adhered to by the aforementioned individuals in their respective roles at any and all times relevant after issuance of the injunctive relief.

**ANSWER:** Defendants admit that Plaintiff seeks injunctive relief but deny that he is entitled to any relief whatsoever.

38. Pursuant to the injunctive relief requested the Sheriff will be required to establish and provide for the adequate ongoing training of all employees of the Will County Adult Detention Facility with respect to the requirements of the County Jail Good Behavior Act.

**ANSWER:** Defendants admit that Plaintiff seeks injunctive relief but deny that he is entitled to any relief whatsoever.

39. Pursuant to the injunctive relief the Sheriff will be required to submit to the Court for approval for use in the Will County Adult Detention Facility, a form that will be stocked in each and every section of the Will County Adult Detention Facility for use by prisoners to fill out requesting an immediate hearing for determination as to whether the prisoner is entitled to release pursuant to the County Jail Good. Behavior Act. These forms shall be displayed at each Correctional Officers' Pod Desk and each Shift Supervisor shall have a ready supply of forms available for replenishment of the forms that become depleted.

**ANSWER:** Defendants admit that Plaintiff seeks injunctive relief but deny that he is entitled to any relief whatsoever.

40. The Sheriff shall establish, execute and monitor the provisions of the County Jail Good Behavior Act section 130/3.1 regarding notice, hearing and written decision related to a prisoner's claimed entitlement to release pursuant to the County Jail Good Behavior Act 730 ILCS 130/3.

**ANSWER:** Defendants admit that Plaintiff seeks injunctive relief but deny that he is entitled to any relief whatsoever.

41. The Sheriff shall designate the Chief Deputy/Warden as the employee with the day to day duties of review of the daily report of prisoners' designated as being eligible for release pursuant to the County Jail Good Behavior Act. The Sheriff shall also provide for the establishment procedures for the naming of individuals to the committee that conducts hearings on any asserted ineligibility of any prisoner that has been determined to be preliminarily unqualified for early release subject to the notice, hearing and written decision required by 730 ILCS 130/3.1 of the County Jail Good Behavior Act.

**ANSWER:** Defendants admit that Plaintiff seeks injunctive relief but deny that he is entitled to any relief whatsoever.

## COUNT V
### Due Process claim against Unknown ADF Correctional Officers and Employees
### (Individual Capacities)

Count V is not directed toward Defendants and therefore they make no answer to the allegations therein. To the extent an answer is deemed required, Defendants deny the allegations in each paragraph in Count V.

## COUNT VI
### Intentional Infliction of Emotional Distress claim against Paul Kaupas
### (Individual Capacity)

48. Each of the foregoing paragraphs is incorporated as if restated in full herein.

**ANSWER:** Defendants adopt and incorporate their responses to the foregoing paragraphs as though fully restated here.

49. Sheriff Paul Kaupas, knew or should have known of the conditions inherent in incarcerating Plaintiff in the cell in B Pod to which Plaintiff was subjected without cause or reason.

**ANSWER:** Defendants deny the allegations in paragraph 49.

50. As a direct and proximate cause of the conduct of Paul Kaupas, Plaintiff has suffered severe emotional distress.

**ANSWER:** Defendants deny the allegations in paragraph 50.

51. Plaintiff requests judgment be entered for compensatory damages in a sum not less than $100,000.00.

**ANSWER:** Defendants admit that Plaintiff seeks compensatory damages but deny that he is entitled to any relief whatsoever.

52. Plaintiff requests judgment for punitive damages be entered against Paul J. Kaupas in a fair and reasonable amount.

**ANSWER:** Defendants admit that Plaintiff seeks punitive damages but deny that he is entitled to any relief whatsoever.

53. Plaintiff requests an award of attorney's fees and costs, if any.

**ANSWER:** Defendants admit that Plaintiff seeks attorney's fees and costs but deny that he is entitled to any relief whatsoever, and specifically deny that attorney's fees are available for state law claims.

54. Plaintiff requests such other relief as the court deems just.

**ANSWER:** Defendants admit that Plaintiff seeks other relief but deny that he is entitled to any relief whatsoever.

### COUNT VII
### Intentional Infliction of Emotional Distress claim against Michael O'Leary
### (Individual Capacity)

55. Each of the foregoing paragraphs is incorporated as if restated in full herein.

**ANSWER:** Defendants adopt and incorporate their responses to the foregoing paragraphs as though fully restated here.

56. Michael O'Leary, knew or should have known of the conditions inherent in incarcerating Plaintiff in the cell in B Pod to which Plaintiff was subjected without cause or reason.

**ANSWER:** Defendants deny the allegations in paragraph 56.

57. As a direct and proximate cause of the conduct of Michael O'Leary, Plaintiff has suffered severe emotional distress.

**ANSWER:** Defendants deny the allegations in paragraph 57.

58. Plaintiff requests judgment be entered for compensatory damages in a sum not less than $100,000.00.

**ANSWER:** Defendants admit that Plaintiff seeks compensatory damages but deny that he is entitled to any relief whatsoever.

59. Plaintiff requests judgment for punitive damages be entered against Michael O'Leary in his official capacity in a just and reasonable amount.

**ANSWER:** Defendants admit that Plaintiff seeks punitive damages but deny that he is entitled to any relief whatsoever.

60. Plaintiff requests an award of attorney's fees and costs, if any.

**ANSWER:** Defendants admit that Plaintiff seeks attorney's fees and costs but deny that he is entitled to any relief whatsoever, and specifically deny that attorney's fees are available for state law claims.

61. Plaintiff requests such other relief as the court deems just.

**ANSWER:** Defendants admit that Plaintiff seeks other relief but deny that he is entitled to any relief whatsoever.

## COUNT VIII
### Due Process claim against Unknown Administrative Secretary(ies)
### (Individual Capacity(ies))

Count VIII is not directed toward Defendants and therefore they make no answer to the allegations therein. To the extent an answer is deemed required, Defendants deny the allegations in each paragraph of Count VIII.

## COUNT IX
### Respondent Superior claim against the County of Will

69. Each of the foregoing paragraphs are incorporated as if re-stated fully herein.

**ANSWER:** Defendants adopt and incorporate their responses to the foregoing paragraphs as though fully restated here.

70. Several unidentified Correctional Officers of the County of Will together with several Administrative Secretaries, employed by the County of Will, deprived Plaintiff of liberty without due process of law.

**ANSWER:** Defendants deny the allegations in paragraph 70.

71. Plaintiff requests damages awarded against unidentified correctional officers and administrative secretaries found to be liable under claims for relief requested to be attributed to the County of Will.

**ANSWER:** Defendants admit that Plaintiff requests any damages awarded against unnamed correctional officers and administrative secretaries to be attributed to the County, but denies that Plaintiff's request is proper and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Quasi-Judicial Immunity

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants Kaupas and O'Leary are immune from the claims in Counts I and II to the extent that the conduct, upon which liability is predicated, was directed by a judge.

### SECOND AFFIRMATIVE DEFENSE
### Qualified Immunity

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants Kaupas and O'Leary are immune from the claims in Counts I and II because no violation of Plaintiff's rights occurred as a result of their conduct and even if such a violation did occur, the standards governing that conduct were not clearly established at the time.

### THIRD AFFIRMATIVE DEFENSE
### Available State Law Remedies

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Plaintiff's Due Process claims are barred because Plaintiff had state law remedies available to him for purposes of redressing the alleged deprivation of liberty.

## FOURTH AFFIRMATIVE DEFENSE
### Immunity from Punitive Damages

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendant County of Will and Defendants Kaupas and O'Leary, in their official capacities, are immune from any request for punitive damages in any federal law claim. In addition, Defendant County of Will and Defendants Kaupas and O'Leary, in their official capacities, are immune, pursuant to 745 ILCS 10/2-102, from any request for punitive damages in any state law claim. Furthermore, Defendants Kaupas and O'Leary in their individual capacities are immune pursuant to 745 ILCS 10/1-102 from any request for punitive damages in any state law claim that arises out of conduct that was uniquely related to their public office and employment.

## FIFTH AFFIRMATIVE DEFENSE
### Immunity for Failure to Enforce Law

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendant County of Will and Defendants Kaupas and O'Leary, are immune pursuant to 745 ILCS 10/2-103 and 745 ILCS 10/2-205 from the claims in Count III and X to the extent either is based on an injury resulting from a failure to enforce any law.

## SIXTH AFFIRMATIVE DEFENSE
### Immunity Where Employee Not Liable

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendant County of Will and Defendants Kaupas and O'Leary, in their official capacities, are immune pursuant to 745 ILCS 10/2-109 from any state law claim based on an injury resulting from the conduct of an employee where the employee is not liable.

## SEVENTH AFFIRMATIVE DEFENSE
### Immunity for Determination of Policy

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants Kaupas and O'Leary are immune pursuant to 745 ILCS 10/2-201 from any state law claim based on an injury resulting from their act or omission in determining policy.

## EIGHTH AFFIRMATIVE DEFENSE
### Immunity for Execution or Enforcement of Law

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants Kaupas and O'Leary are immune pursuant to 745 ILCS 10/2-202 from any state law claim based on conduct done in the execution or enforcement of any law because such conduct was not willful and wanton.

## NINTH AFFIRMATIVE DEFENSE
### Immunity for Conduct of Others

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants Kaupas and O'Leary are immune pursuant to 745 ILCS 10/2-204 from any state law claim based on the act or omission of another person.

## TENTH AFFIRMATIVE DEFENSE
### Immunity for Failure to Supervise at Jail

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants are immune pursuant to 745 ILCS 10/4-103 from any state law claim based on a failure to provide sufficient equipment, personnel, supervision or facilities at the Will County Adult Detention Facility.

15

### ELEVENTH AFFIRMATIVE DEFENSE
### Immunity for Interference with Judicial Determination About Confinement

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants are immune pursuant to 745 ILCS 10/4-104 from any state law claim based on interference with Plaintiff's right to obtain a judicial determination or review of the legality of his confinement because any such interference was not intentional and unjustifiable.

### TWELFTH AFFIRMATIVE DEFENSE
### Immunity for Failure to Furnish or Obtain Medical Care

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants are immune pursuant to 745 ILCS 10/4-105 from any state law claim based on a failure to furnish or obtain medical care for any inmate at the Will County Adult Detention Facility because no injury was caused by a failure to take reasonable action to summon medical care despite knowledge that the inmate was in need of immediate medical care.

### THIRTEENTH AFFIRMATIVE DEFENSE
### Immunity for Failure to Examine or to Prevent Disease

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Defendants are immune pursuant to 745 ILCS 10/6-104 and 745 ILCS 10/6-105 from any state law claim based on a failure to prevent disease or the communication of disease at the Will County Adult Detention Facility, or based on a failure to make an adequate physical or mental examination of any person for purposes of determining whether the physical or mental condition of that person constituted a risk to the safety of Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

In further response to the Third Amended Complaint, and without waiving any of the responses set forth in the foregoing Answer, Plaintiff failed to mitigate his damages, and therefore Defendants are entitled to a reduction in any damages awarded in proportion to the percentage of his failure to mitigate his damages.

WHEREFORE, based on the responses set forth in the foregoing Answer and the assertions in the foregoing Affirmative Defenses, Defendants deny that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court enter judgment in Defendants' favor and against Plaintiff, and that this Court grant Defendants such further and additional relief as deemed just and appropriate.

Dated: June 14, 2010

Respectfully submitted,

COUNTY OF WILL, PAUL KAUPAS and MICHAEL O'LEARY

s/ Martin W. McManaman
One of the attorneys for Defendants

Martin W. McManaman
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500
Attorneys for Defendants