IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| B. MICHAEL SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-CV-3054 |
| | ) | |
| COUNTY OF WILL, *et al.*, | ) | Judge Thomas M. Durkin |
| | ) | Magistrate Judge Gilbert |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR WANT
OF PROSECUTION OR FOR ALTERNATIVE SANCTIONS**

Defendant MICHAEL O'LEARY, through his undersigned attorneys and pursuant to Rules16(f)(1)(B), 37 and 41 of the Federal Rules of Civil Procedure, submits the following motion to dismiss this case for want of prosecution or in the alternative for other sanctions.

1. Despite having had months to prepare his case for trial, Plaintiff has done nothing in that regard, apart from filing one dubious motion *in lmine*. (*See* Proposed Final Pretrial Memorandum, Doc. #326; Plaintiff's Motion *in limine* to Bar the Deposition of Judge Garrison, Doc. #319). He did not assist with the preparation of the proposed final pretrial memorandum. He did not offer a statement of the case or comment on the one proposed by Defendant. He did not disclose a witness list or an exhibit list. He did not suggest jury instructions or comment on the jury instructions proposed by Defendant. He did not suggest *voir dire* questions or comment on the *voir dire* questions proposed by Defendant. He refused to cooperate or otherwise communicate with Defendant's counsel in scheduling the court-ordered, video-taped deposition of Judge James Garrison, which left Defendant's counsel with no choice but to schedule the deposition without Plaintiff's input. And of course, he refused to attend the deposition, even though it had been properly noticed for March 4, 2016.

1

2.     Instead, during the months Plaintiff had to prepare himself for trial, he concerned himself almost exclusively one goal, which also happens to be his pet project in this lawsuit – getting Defendant's counsel disqualified.  In all, Plaintiff has filed 15 documents, not including appellate court filings, aimed at disqualifying Defendant's counsel since this case was filed. Nine of those motions/briefs were filed *after* Plaintiff had already tried and failed before this Court and the Seventh Circuit to advance the same arguments.  Now, on the eve of trial, Plaintiff is utterly unprepared to participate meaningfully in the pretrial conference scheduled for April 21, 2016 at 2:00 p.m. or try the case on April 25, 2014.

3.     Rule 16(f)(1)(B) of the Federal Rules of Civil Procedure says that, when a party is unprepared to participate in the pretrial conference, a judge may use any of the sanctions mentioned in Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii), including dismissal for want of prosecution.  *See FM Industries, Inc.  v. Citicorp Credit Services, Inc.*, 614 F.3d 335 (7th Cir. 2010) (Court upholding dismissal for want of prosecution where plaintiff's counsel failed to comply with court orders regarding preparation and filing of final pretrial order).  Before dismissing a case for failure to prosecute, a district court judge should consider: (1) the frequency and magnitude of the plaintiff's failures to comply with deadlines; (2) the apportionment of responsibility for those failures between the plaintiff and his counsel; (3) the effect of the failures in taxing the judge's time and disrupting the judge's calendar; and (4) the prejudice to the defendant, and "the probable merits of the suit." *See Schmidt v. Campanella Sand & Gravel Co., Inc*., 49 Fed.Appx. 647 (2002); *citing Ball v. City of Chicago,* 2 F.3d 752, 759-60 (7th Cir.1993).  Additionally, a judge must explicitly warn plaintiff's counsel of the consequences of continuing to engage in dilatory conduct before dismissing the case.  *Schmidt supra, citing Kruger v. Apfel,* 214 F.3d 784, 787 (7th Cir.2000).

4. Applying this standard to the present case, Plaintiff's refusal to participate in the preparation of this case for trial cannot be overstated. As it stands now, he has no case to put on except his own testimony, which would fall short of establishing the *prima facie* elements of his Eighth Amendment claim. But his failure to prepare a case is not the result of inexperience or lack of time. It was flagrant refusal to abide by the local rules, the Federal Rules of Civil Procedure, the Court's own standing order and personal admonishments by this Court at status hearings.

5. Plaintiff cannot point to his status as a *pro se* litigant or his inexperience with the trial process as reasons for his noncompliance, because he has been given every opportunity by Defendant's counsel and this Court to provide input into the pretrial memorandum. Despite those opportunities, he stubbornly refused to participate, and in fact, would not even respond to Defendant's counsel's multiple attempts to communicate with him about the pretrial memorandum. (*See* Letter and email from P. Moran to Plaintiff dated 12/15/2014 attached as Exhibit A; Emails from P. Moran to Plaintiff regarding final pretrial memorandum dated 2/7/2016, 3/14/2016, 3/21/2016, 3/29/2016, 4/11/2016 and 4/12/2016, attached as Group Exhibit B). He likewise ignored multiple attempts by Defendant's counsel to confirm the deposition of Judge Garrison. (*See* Notice of Deposition, attached as Exhibit C; Emails from P. Moran to Plaintiff dated 2/17/2016 and 2/21/2016, attached as Exhibit D; Amended Notice of Deposition, attached as Exhibit E; Email from P. Moran to Plaintiff dated 2/22/2016, attached as Exhibit F; Email exchanges between M. McManaman and Plaintiff, dated 2/24/2016, attached as Exhibit G; Email exchange from M. McManaman and Plaintiff dated 2/27/2016, attached as Exhibit H; Letter from P. Moran to Plaintiff dated 2/29/2016, attached as Exhibit I; Email exchanges between P. Moran and Plaintiff regarding the 2/29/2016 Letter, attached as Exhibit J; Email from

3

P. Moran to Plaintiff dated March 21, 2016, attached as Exhibit K). It is clear Plaintiff got these communications, because he responded to some of them when it concerned his pet project – his attempts to disqualify Defendant's counsel. (*See* Exs. G, H and J). Thus, he not only chose to disregard the pretrial memorandum and the deposition, but he did not even extend Defendant's counsel the common courtesy of acknowledging their communications regarding those subjects.

      6.      Plaintiff personal problems, such as his recent eviction, are no excuse for his failure to prosecute this case. Since the date this Court scheduled the trial six months ago (*See* Doc. #292), Plaintiff has found the time to prepare and file nine motions and/or briefs all directed at removing Defendant's counsel from this case, despite warnings from this Court that the issue was deemed closed and further attempts to re-litigate it would result in sanctions. (*See* Doc. #255, #263, #293, #297, #302, #305, #306, #308, #312, #314 and #317). He even filed a motion to have the mandate in his most recent appeal to the Seventh Circuit recalled, which the appellate court promptly denied. (*See* Doc. #20, #21 in Appeal No. 14-3605). In other words, Plaintiff blithely ignored this Court's warnings and went ahead with his attempts to disqualify Defendant's counsel at the expense of preparing his case for the upcoming trial.

      7.      Even during a critical two-week period in March 2016, in which Plaintiff claims to have been evicted from his home and dealing with personal maladies, he found time to prepare and file two lengthy briefs directed at having Defendant's counsel removed from the case. On March 1, 2016, he filed a 9-page motion to alter or amend the order regarding the disqualification of Defendant's counsel, despite a prior warning from this Court to refrain from trying to re-litigate the issue. (*See* Doc. #301 and #302). Two days later, he personally filed a 15-page "supplemental brief" in support of his attempts to have Defendant's counsel removed from the case. Exhibit A to the supplement is a 1974 letter written by the then Illinois Attorney

General. (*See* Doc. #305). Setting aside the fact that Plaintiff somehow found the time to draft briefs of 9 pages and 15 pages in the space of three days, simply finding a decades old letter by itself must have consumed hours if not days of Plaintiff's time.

8. In addition, the supplemental brief (Doc. #305) was filed while Defendant's counsel was taking Judge Garrison's deposition and just hours after the Court had issued an order denying the motion to alter or amend. And it was filed personally, which means Plaintiff made a nearly 90-mile, roundtrip journey from Joliet to Chicago to personally deliver the supplemental brief to the clerk of the court at the same time that Defendant's counsel was taking Judge Garrison's deposition. He could have and should have been at that deposition.

9. Unconcerned with the facts, Plaintiff then filed a motion *in limine* to bar Judge Garrison's deposition on the basis that he could not attend due to his eviction, without even mentioning the fact that he spent that very same week preparing and filing briefs aimed at disqualifying Defendant's counsel. (Doc. #319). The motion that is frivolous on its face in violation of Rule 11.[1]

10. Plaintiff's noncompliance is not limited to trial preparation. On November 26, 2013, Judge Gilbert entered an order compelling Plaintiff to fully answer Defendant's Interrogatory Nos. 3, 7 and 10 and Request for Production Nos. 8 and 10, all of which seek information about Plaintiff's damages. (*See* Order entered 11/26/13 as Doc. #212, attached as Exhibit L; Defendant's Motion to Compel, Doc. #200, attached as Exhibit M). In the order, Judge Gilbert event went as far as to describe the types of information to be provided, such as the categories of damages, amounts of damages, the basis for the claimed damages and how Plaintiff arrived at each amount. Plaintiff never complied with the order.

---

[1] Defendant filed a response to the motion *in limine* to bar Judge Garrison's deposition. (Doc. #323).

11. At his deposition in April 2014, Plaintiff acknowledge that he received and understood the order, but testified that he did not comply because of "many reasons" including various medical problems and his plan to do some legal research. (*See* Plaintiff's Deposition, p. 206: 5 – 208: 12, attached as Exhibit N). He was unable or unwilling to provide any information about the amounts of damages he will seek at trial. (Ex. N, p. 208: 13 – 209: 20). But the excuses he provided in 2014 – various medical problems – have a similar ring to the same ones he has advanced in recent efforts on his part to get the trial date moved. He will always have an excuse to delay the trial indefinitely.

12. Finally, Plaintiff cannot claim he did not have fair warning that a refusal to participate in good faith in the preparation of the pretrial memorandum would result in a dismissal for want of prosecution. At the motion hearing on March 29, 2016, Defendant's counsel alerted the Court to Plaintiff's complete failure to participate in the preparation of the final pretrial memorandum up to that point. The Court admonished Plaintiff that he would need to cooperate or face a dismissal for want of prosecution. The Court also extended the deadlines on the pretrial filings by one week so Plaintiff would have an opportunity to comply. (*See* Doc. #316). Plaintiff was unmoved by extensions or the Court's admonishment and did nothing.

13. The above, undisputed record reveals that Plaintiff views this case as a form of recreational litigation, in which he spends his time filing brief after brief on frivolous non-issues he finds interesting. But there is a real person on the other side of this lawsuit and tax-payer dollars going down the drain. If Plaintiff is not willing to participate in good faith in the prosecution of the lawsuit, there is no reason Defendant should be forced to sit through a trial. Nor is there any reason for this Court to continue wasting its resources on a case that Plaintiff himself is not even willing to prosecute.

14. In the alternative, if the Court is not willing to dismiss the case for want of prosecution, Defendant respectfully requests that the Court bar Plaintiff from calling any witnesses other than himself or introducing any exhibits as a sanction for his noncompliance.

WHEREFORE Defendant MICHAEL O'LEARY respectfully requests that this Court enter an order granting this motion and dismissing this case for want of prosecution or, in the alterative, imposing the above-referenced sanction, and for such further and additional relief this Court deems just and appropriate.

Respectfully submitted,

MICHAEL O'LEARY

By: /s/ Patrick R. Moran_____
One of his attorneys

Martin W. McManaman
Patrick R. Moran
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
T: (312) 364-2500
F: (312) 364-1003