# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

B. MICHAEL SCHNEIDER,

    Plaintiff,

v.

COUNTY OF WILL and MICHAEL O'LEARY,

    Defendants.

No. 08 C 3054

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

B. Michael Schneider, pro se, alleges that Defendants held him in jail for too long after an Illinois circuit judge ordered him jailed for criminal contempt. Mr. Schneider has moved to recuse the undersigned judge from the case pursuant to 28 U.S.C. § 144 and 28 U.S.C. §§ 455(a) and (b). For the following reasons, that motion is denied.

"Unlike a motion to recuse under 28 U.S.C. § 455, which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of *actual* bias." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (emphasis in original). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"A judge must recuse himself under § 144 if a party files a timely and sufficient affidavit suggesting personal prejudice against the party." *West v. Litscher*, 209 Fed. App'x 557, 559 (7th Cir. 2006). "[O]nly personal animus or malice on the part of the judge can establish actual bias." *Hoffman*, 368 F.3d at 718. "[J]udicial rulings alone will almost never constitute a valid basis for disqualification under § 144." *Id.* "A court may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors" or "mere conjecture and supposition . . . are insufficient." *Id.* "And while a court must assume the truth of the [sufficiently described] factual assertions, it is not bound to accept the movant's conclusion as to the facts' significance." *Id.* "A trial judge has as much obligation not to recuse himself when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." *Id.* (reference to § 144 in the original).

Mr. Schneider's motion is based largely on the Court's rejection of his argument that the Will County State's Attorney had improperly appointed Martin McManaman and Patrick Moran of the firm Lowis & Gellen to represent Defendants in this case. Mr. Schneider first raised this issue in 2008 when Judge Andersen was presiding, and Judge Andersen denied Mr. Schneider's motion to

disqualify defense counsel. *See* R. 29. Six years later, Mr. Schneider sought reconsideration of that ruling, *see* R. 255, which the Court denied. *See* R. 261. Mr. Schneider then filed an interlocutory appeal with the Seventh Circuit regarding this issue. *See* R. 263. After the Seventh Circuit denied his appeal as premature, *see* R. 282, Mr. Schneider again made a motion for reconsideration on this issue, *see* R. 293, which the Court denied. *See* R. 301. Mr. Schneider yet again sought reconsideration, *see* R. 302, which the Court again denied. *See* R. 304. Mr. Schneider then sought permission to file a second interlocutory appeal on this issue, *see* R. 306, which the Court denied. *See* R. 311. Contrary to Mr. Schneider's allegation that the Court made these rulings simply because Judge Andersen had initially rejected Mr. Schneider's arguments, the record reflects that the Court considered Mr. Schneider's arguments apart from Judge Andersen's prior ruling. In fact, Mr. Schneider acknowledges that in addressing his motion on this issue the Court required defense counsel to produce the documents supporting their appointment as counsel in this case. *See* R. 299. These documents satisfied the Court that defense counsel were duly appointed. *See* R. 301.

In the course of addressing this issue with Mr. Schneider, the Court told him that this issue was irrelevant to the underlying facts of his case, and that he was pursuing this issue to the detriment of his ability to prosecute the merits of the case. He was choosing to raise and re-raise this issue and was failing to prepare for trial. For that reason, and because the Court had rejected his argument regarding defense counsel's appearance, the Court warned Schneider that he risked sanctions

3

if he continued to press this issue. *See* R. 301; R. 304.[1] The Court never imposed such sanctions on Mr. Schneider.

Mr. Schneider's motion for recusal based on my rejection of his argument that defense counsel was improperly appointed fails for two reasons. First, it is untimely. Mr. Schneider states that he "lost all hope of receiving a fair trial before Judge Durkin" with regard to this particular issue on "March 19, 2016." R. 359 at 15. But Mr. Schneider did not file his recusal motion until August 18, 2016, four days before we were to begin his jury trial. *See* R. 359. A five month delay does not demonstrate that Mr. Schneider filed his motion "at the earliest moment after the [he] acquire[d] knowledge of the facts that [allegedly] demonstrate the basis for the disqualification." *Franzen v. Ellis Corp.*, 2004 WL 406822, at *1 (N.D. Ill. Feb. 12, 2004) (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1983)). Thus, recusal is not warranted because Mr. Schneider's motion is untimely.

Second and more substantively, recusal is not proper on the basis of Mr. Schneider's disagreement with the Court's legal decisions. Mr. Schneider must demonstrate actual bias, meaning that the Court's "alleged bias is personal rather than judicial." *Franzen*, 2004 WL 406822, at *1. The Court[2] considered and rejected Mr. Schneider's argument that defense counsel were improperly appointed. The Court provided reasons for these decisions, and at a certain point it became

---

[1] The Court did not, however, threaten Mr. Schneider with "dismissal for want of prosecution" on April 20, 2016, as he alleges. R. 359 at 23.

[2] Mr. Schneider appears to not have sought reconsideration of Judge Andersen's ruling on this issue from any of the three judges that presided over this case between Judge Andersen's retirement and the undersigned judge's assignment.

4

counterproductive for the Court to continue to repeatedly address this same issue as it does not pertain to the merits of Mr. Schneider's claim. To the extent Mr. Schneider alleges that the Court "failed to give adequate reasons" for its decisions, or "clearly and deliberately misconstrued controlling Illinois law," R. 359 at 20, this is merely Mr. Schneider's opinion, and describes a judicial disagreement as opposed to a personal bias. Mr. Schneider's opinion in this regard does not demonstrate that the Court has a personal bias against him, and thus does not constitute a sufficient basis to support recusal.[3]

Mr. Schneider also argues that the Court has rushed him to trial without giving him the opportunity to adequately discover the necessary evidence or adequate time to prepare. Specifically, Mr. Schneider contends that the Court "knew of [his] August 11, 2014 eviction . . . by the Will County Sheriff . . . and the lost discovery evidence" that resulted from that eviction, but that the Court ruled that "Schneider would not be permitted to obtain new discovery." R. 359 at 10. There is no basis for this allegation. According to Mr. Schneider, his eviction occurred on August 11, 2014. He informed the Court of that fact at a hearing on September 3, 2014, and requested postponement of his trial due to his recent eviction. The Court granted that request and rescheduled the trial to February 2, 2015. This was nearly six months after Mr. Schneider's eviction, and he assured the Court that this date would be "no problem." Nevertheless, the Court subsequently

---

[3] Mr. Schneider also perceives bias in that the Court ruled against him on certain motions in limine. The Court, however, also ruled in his favor on certain motions in limine and deferred ruling on others. These too are judicial disagreements that do not evince personal bias.

5

agreed to postpone the trial twice more at Mr. Schneider's request, finally setting the trial date of August 22, 2016.

The Court's willingness to repeatedly postpone Mr. Schneider's trial date is contrary to Mr. Schneider's allegation that the Court "insisted" that his trial go forward on April 25, 2016, despite Mr. Schneider suffering a second eviction on March 31, 2016. R. 359 at 25. The fact that his trial was postponed until August also belies Mr. Schneider's allegation that he has been prejudiced by the fact that the judge in his state court proceedings was unavailable to testify in April 2016. *See id.* at 26. That state court judge *was* available to testify in the trial scheduled for August 22, 2016.

Furthermore, whenever Mr. Schneider has reported that he lacked certain documents, the Court has ordered defense counsel to furnish Mr. Schneider with copies of those documents. Contrary to Mr. Schneider's allegations, *see* R. 359 at 24, the Court also gave him permission to seek discovery of electronic recordings of the state court proceedings that underlie his claims and explained how he should contact the Circuit Court to learn of the availability of such recordings. *See* R. 298. The Court's efforts to accommodate Mr. Schneider's discovery requests (all of which were untimely) demonstrate that his allegations that the Court has exhibited "rage and antagonism at [him]" are conclusory and unfounded. In over three years on the bench the undersigned judge has neither felt, nor exhibited, "rage" towards *any* party.

6

Mr. Schneider also alleges that the Court appointed the firm of Morgan Lewis & Bockius LLP to assist him as a "pretext to limit [his] claims and proceed to trial on the limited claims of deliberate indifference to [his] right to early release." R. 359 at 11. This argument is not a basis for the undersigned judge's recusal. Presumably, Mr. Schneider was unhappy with his Morgan Lewis attorneys because they would not pursue his theory that defense counsel were improperly appointed. But he admits that Morgan Lewis sought to focus on the merits of his claims—whether Defendants were deliberately indifferent to the length of time Mr. Schneider was in jail. *Id.* Further, defense counsel stated on the record on August 18, 2016 that Mr. Schneider's Morgan Lewis attorneys were diligent in their representation and it was readily apparent that they were prepared to prosecute Mr. Schneider's claims at the trial set for August 22, 2016. This is unsurprising considering Morgan Lewis is one of the preeminent law firms in the United States. Although Mr. Schneider may be disappointed that his Morgan Lewis attorneys refused to pursue his theory that defense counsel were improperly appointed, this was an unreasonable expectation considering the Court's prior rulings on this issue. Further, Mr. Schneider's misconception regarding what is relevant to the merits of his case is not a basis to conclude that the Court appointed Morgan Lewis with the intent to stifle Mr. Schneider's desire to vindicate his theory that defense counsel were improperly appointed. The only conclusion a reasonable person could reach from the fact that the Court appointed Morgan Lewis to represent Mr. Schneider is that the Court hoped to give him the best chance possible to have his case decided on the merits.

There is no basis on these facts to countenance Mr. Schneider's contention that the Court's appointment of Morgan Lewis to represent him was a pretext.

Mr. Schneider also alleges that the Court exhibited bias against him by "sanctioning" him because he sent a "letter to the Will County Board members in the interest [of] initiating settlement negotiations." R. 359 at 9. Mr. Schneider contends that the sanction the Court imposed was "disallowing settlement talks." *Id*. The Court directed Mr. Schneider not to contact the Will County Board members because they are effectively defendants in this case and represented by counsel. But the Court never "disallowed settlement talks." To the contrary, the Court has frequently encouraged the parties to explore settlement. No reasonable person would conclude that the Court's order that Mr. Schneider refrain from directly contacting Will County board members constituted a sanction or exhibited bias of any kind.

The only allegation Mr. Schneider makes that might possibly support the undersigned judge's recusal is that the Court allegedly engaged in ex parte communication with defense counsel "sometime before January 26, 2016," when defense counsel "provided [the Court] with a copy of the letter [Mr. Schneider] sent to the Will County Board Members." R. 359 at 33. The Court presumes Mr. Schneider believes an ex parte communication took place because at the hearing on January 26, 2016, when this issue was addressed the Court told him the Court did not need to review the letter he sent to the board members in order to rule that such a communication was improper. The Court had not previously seen the letter or

8

engaged in ex parte communications with defense counsel. Mr. Schneider's allegations in this regard are mere conjecture and supposition, and are untrue. As such, these allegations do not support the undersigned judge's recusal.

**Conclusion**

For the foregoing reasons, the Court finds that Mr. Schneider has failed to demonstrate actual bias under 28 U.S.C. § 144 sufficient to support the undersigned judge's recusal. For the same reasons, the Court also finds that no reasonable person would perceive an appearance of bias in these circumstances such that recusal is also not called for under 28 U.S.C. § 455. Therefore, Mr. Schneider's motion, R. 359, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 23, 2016