# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

B. MICHAEL SCHNEIDER,

    Plaintiff,

v.

COUNTY OF WILL and MICHAEL O'LEARY,

    Defendants.

No. 08 C 3054

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

B. Michael Schneider, pro se, alleges that Defendants violated the Eighth Amendment when they held him in jail for an extra ten days after a Will County circuit judge ordered him jailed for criminal contempt. *See Schneider v. County of Will*, 528 Fed. App'x 590, 595 (7th Cir. 2013); 366 Fed. App'x 683 (7th Cir. 2010). Defendants have moved the Court to dismiss Mr. Schneider's case for want of prosecution because he has failed to adequately prepare for trial and participate in preparation of the joint final pretrial memorandum. R. 330. Mr. Schneider walked out of the last final pretrial hearing in this case on August 18, 2016, after tendering to the Court and defense counsel a motion to recuse the undersigned judge. The Court denied Mr. Schneider's recusal motion. R. 362. In light of Mr. Schneider's abandonment of the pretrial process and apparent intent not to continue to prosecute his case before the undersigned judge, the Court reluctantly grants Defendants' motion and dismisses this case with prejudice for want of prosecution. A review of the lengthy procedural history of this case requires this result.

A court may dismiss an action if a party "is substantially unprepared to participate—or does not participate in good faith—in [a pretrial] conference." Fed. R. Civ. P. 16(f)(1)(B); Fed. R. Civ. P. 37(b)(2)(A)(v). "Because dismissal with prejudice for want of prosecution is a harsh sanction," before imposing such a sanction, courts should "weigh several factors" including "whether the litigant has ignored previous court orders, the extent of delays, prejudice to other parties, and the availability of other sanctions." *Rollins v. Murphy*, 598 Fed. App'x 449, 450 (7th Cir. 2015). Whether to dismiss a case for want of prosecution is within the district court's discretion. *See Schindler v. Advocate Healthcare*, 619 Fed. App'x 516, 517 (7th Cir. 2015).

Judge Andersen originally presided over this case, which was filed on May 27, 2008. R. 1. While Judge Andersen was presiding, Mr. Schneider filed a motion seeking to disqualify defense counsel as improperly appointed by the Will County State's Attorney. R. 17. Judge Andersen denied that motion. R. 29. Mr. Schneider's motion to vacate Judge Andersen's order was also denied. R. 40.

Upon Judge Andersen's retirement the case was reassigned to Judge Gettleman, and then Judge Dow, who set an initial trial date of December 8, 2014. That date was vacated when Judge Dow recused himself because of a personal or familial relationship with Defendants, *see* R. 243, and the case was transferred to Judge Marovich. R. 244. Two months later on August 11, 2014, Judge Marovich exercised his right as a senior judge to request that the case be reassigned. *See* R.

250. At that point, the undersigned judge became the fifth judge to preside over the case. *Id.*

At a hearing on September 3, 2014, the Court sought to schedule a new trial date. Mr. Schneider represented to the Court that he had recently been evicted from his home, but that a trial date in 2015 would be "no problem." Trial was set for February 2, 2015. R. 254. One month later on October 2, 2014, Mr. Schneider sought reconsideration of the ruling Judge Andersen had made six years earlier denying Mr. Schneider's motion to disqualify defense counsel. R. 255. The Court denied the motion for reconsideration on October 28, 2014. R. 261.

On November 25, 2014, Mr. Schneider filed an interlocutory appeal of the Court's denial of his motion for reconsideration, without first seeking leave to do so. R. 263. His decision to file a notice of appeal required the Court to vacate the February 2, 2015 trial date as the date for a ruling on the interlocutory appeal was of course unknown. R. 276. The Seventh Circuit denied Mr. Schneider's appeal as premature on January 22, 2015. *See* R. 283. At a status hearing on January 29, 2015, Mr. Schneider represented to the Court that he was seeking a rehearing, and on that basis the Court deferred scheduling a new trial date. The Seventh Circuit denied Mr. Schneider's petition for a rehearing on March 2, 2015. R. 282. The proceedings were delayed until October 28, 2015, both at the parties' requests (including two requests by Mr. Schneider) and because the Court—based on Mr. Schneider's statements at the January 29, 2015 hearing—was under the (apparently mistaken) impression that he intended to file a petition for certiorari to

3

the United States Supreme Court. Eventually, the Court, with Mr. Schneider's consent, set a new trial date of April 25, 2016 at a hearing on October 28, 2015. R. 292.

As the April 25, 2016 trial date approached, Mr. Schneider renewed his efforts to have defense counsel disqualified by filing another motion for reconsideration on this issue on January 15, 2016, *see* R. 293, which the Court denied. *See* R. 301. Mr. Schneider yet again sought reconsideration on March 1, 2016, *see* R. 302, which the Court again denied. *See* R. 304. Mr. Schneider then sought permission to file a second interlocutory appeal on this issue on March 11, 2016, *see* R. 306, which the Court denied. *See* R. 311. Mr. Schneider also filed a motion in limine to disqualify defense counsel on April 4, 2016, R. 317, which was denied at the first final pretrial conference on April 21, 2016. R. 333.

It appears that Mr. Schneider's focus on seeking to have defense counsel disqualified caused him to miss the critical deposition of the state court judge who held him in contempt. That deposition was noticed for March 4, 2016, *see* R. 330-1 at 18, and defense counsel also sent emails and letters to Mr. Schneider on several occasions through February 2016 in an attempt to ensure that Mr. Schneider was aware of the deposition date and that he would attend. *See* 330-1. The deposition was necessary because the state court judge was going to be out of the country during the trial. Mr. Schneider responded to several of the emails, but never indicated whether he would attend the deposition, and instead continued to press his theory that defense counsel were not properly appointed. *See* R. 330-1 at 29, 35-

4

36, 44. It appears that Mr. Schneider should have been able to attend the deposition because on the day of the deposition which was to take place at defense counsel's office in Joliet, Illinois (approximately seven miles from Mr. Schneider's residence in New Lenox, Illinois), he instead traveled more than 40 miles to the Dirksen courthouse to file a "supplemental pleading" yet again seeking defense counsel's disqualification. *See* R. 305.

Mr. Schneider focused on this particular disqualification issue to such an extent that he also failed to participate in preparation of the final pretrial memorandum. Defense counsel represented on the record that during the time period when Mr. Schneider was devoting significant time to preparing and filing multiple motions attempting to have defense counsel disqualified, he was also failing to respond to defense counsel's communications regarding preparation of the final pretrial memorandum. *See* R. 330-1. Mr. Schneider failed to submit a witness list, exhibit list, proposed jury instructions, proposed voir dire questions, or any comment or objection regarding defense counsel's pretrial submissions. *See* R. 326.

On April 12, 2016, Mr. Schneider filed a motion for a new trial date because he was evicted from his home on March 31, 2016. R. 324. Considering the age of the case, the number of times the trial had already been postponed, the length of time Mr. Schneider had already had to prepare for the April 25, 2016 trial date, and the fact that Mr. Schneider had shown that he was able to prepare and file multiple briefs relating to the disqualification issue in the time period surrounding his

5

eviction, the Court denied Mr. Schneider's motion for a new trial date at a hearing on April 18, 2016. R. 329.

Mr. Schneider's failure to participate in the preparation of the final pretrial memorandum was the primary basis for Defendants' motion to dismiss for failure to prosecute. *See* R. 330. At a hearing on April 20, 2016, Mr. Schneider represented that he had not participated in the preparation of the final pretrial order because he had become "homeless." But according to Mr. Schneider, he was not evicted until March 31, and even after that date he continued to prepare and file documents with the Court relating to the disqualification issue, and also ironically to bar the introduction into evidence of the video recording of the deposition of the state court judge. *See* R. 317; R. 319; R. 324. Mr. Schneider's filing activity in this case belies his claim that he could not participate in preparing the final pretrial memorandum because of his personal housing circumstances. Instead, the record reveals that Mr. Schneider chose to focus his time and energy on seeking defense counsel's disqualification rather than preparing for a trial on the merits of his claims.

Mr. Schneider participated in the final pretrial conference on April 21, 2016.[1] Unsurprisingly, Mr. Schneider appeared largely unprepared for the trial scheduled for four days later. At a subsequent hearing the next day on April 22, 2016, Mr. Schneider also represented to the Court that he was living out of his car at that time, and only had internet access at the public library. For these reasons, the

---

[1] Because of Mr. Schneider's residence in Will County and his apparent lack of resources, the Court has frequently allowed Mr. Schneider to appear for conferences on the phone. In fact, the entire final pretrial conference of April 21, 2016 was conducted with Mr. Schneider on the phone.

6

Court found that it would be inappropriate to use the Court's resources (including juror time) to conduct a trial that Mr. Schneider was clearly not at all prepared to proceed with. Rather than dismiss the case at that time, which would have been appropriate pursuant to Federal Rules of Civil Procedure 16(f)(1)(B) and 37(b)(2)(A)(v), the Court vacated the April 25 trial date, R. 334, and requested Elizabeth Harrington, an experienced member of the trial bar, of the law firm of Moran Lewis & Bockius LLP, to volunteer to represent Mr. Schneider. R. 336. Mr. Schneider had filed a petition for the appointment of counsel before Judge Dow on December 18, 2013, R. 222, which he later withdrew rather than submit a financial affidavit that would be available to defense counsel. *See* R. 232; R. 233; R. 234. Mr. Schneider agreed to allow Ms. Herrington to represent him.[2]

A new trial date was set for August 22, 2016. According to defense counsel, Ms. Herrington and two of her colleagues at Morgan Lewis diligently prepared for trial, including serving witness subpoenas and drafting motions in limine and other pretrial materials. But on July 28, 2016, Mr. Schneider's Morgan Lewis attorneys filed a motion to withdraw. R. 345. In their motion, the Morgan Lewis attorneys stated that they had been unable to convince Mr. Schneider to attend any meetings to prepare for trial since May 6, 2016, and had not received any communication at all from Mr. Schneider since July 10, 2016. *Id.* at 2. Additionally, on July 23, 2016,

---

[2] Although recruitment in this case was done without requiring the public filing of a financial affidavit, the Court was satisfied based on the record that Mr. Schneider was in fact indigent. Further, the Court believed that the recruitment of counsel was necessary in order to assure that the trial would be conducted in an efficient manner for the jury.

7

Mr. Schneider filed a mandamus petition with the Illinois Supreme Court seeking to pursue his theory that defense counsel were improperly appointed by the Will County State's Attorney. *See* R. 345-1. At a hearing on August 2, 2016, Mr. Schneider told the Court that he no longer wanted to be represented by the Morgan Lewis attorneys. R. 353 at 6. On that basis, and on the basis of the representations made in the Morgan Lewis motion, the Court granted their motion to withdraw on August 2, 2016. R. 349. At the August 2 hearing, the Morgan Lewis attorneys represented that they would supply Mr. Schneider with the motions in limine and pretrial memoranda they had prepared. R. 353 at 10. The Court retained the August 18, 2016 pretrial conference date and the August 22, 2016 trial date.

Mr. Schneider never submitted any pretrial materials. Instead, Mr. Schneider filed a motion to postpone the trial until the Illinois Supreme Court addressed his mandamus petition regarding the propriety of defense counsel's appointment. R. 356. The Court denied that motion at a status hearing on August 15, 2016. R. 357. At that hearing, the Court also warned Mr. Schneider that if he did not appear at the pretrial conference on August 18, 2016, the Court would dismiss his case for want of prosecution.

Mr. Schneider attended the pretrial conference in person on August 18, 2016. He again asked to continue the trial date until the Illinois Supreme Court ruled on his mandamus petition, which the Court denied. But several minutes into the conference, Mr. Schneider became upset and tendered to the Court and defense counsel a motion to recuse the undersigned judge, R. 359, which was lengthy and

8

had obviously been prepared well in advance of the hearing.[3] In fact, the copies Mr. Schneider tendered to the Court and defense counsel were time stamped prior to the start of the hearing, and contained passages that clearly had been prepared in anticipation of filing the motion in April before the Court continued the trial date to August 22, 2016. *See*, *e.g.*, R. 359 at 25 ("Judge Durkin insisted on going to [trial] on April 25, 2016 . . . ."). Mr. Schneider then asked to be excused. The Court denied that request and warned Mr. Schneider that if he left the courtroom the Court would likely dismiss his case for want to prosecution. Mr. Schneider then abruptly left the courtroom.

For the foregoing reasons, the Court finds that Mr. Schneider "is substantially unprepared to participate" and has "not participated in good faith" in the pretrial proceedings as is required by Federal Rule of Civil Procedure 16(f)(1)(B). Under such circumstances, the Court is permitted to dismiss this action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). In terms of scheduling and deadlines, the undersigned judge has given Mr. Schneider every benefit of the doubt for the two years he has been assigned to this case. The previous judges who presided over the case showed similar patience. Despite that leeway, Mr. Schneider has consistently flouted the Court's scheduling orders and focused on what he believes to be important—his desire to have defense counsel disqualified—to the detriment of the merits of his case. At some point enough is enough, and

---

[3] The Court denied the recusal motion on August 23, 2016. R. 362. Notably, Mr. Schneider also filed a motion to recuse Judge Gettleman after Judge Gettleman ruled against him on summary judgment. *See* R. 175. That motion was denied. R. 178.

9

unfortunately we reached that point when Mr. Schneider walked out of the courtroom on August 18, 2016. Even if the procedural facts of this case were entirely different and Mr. Schneider had promptly complied with all scheduling orders, dismissal for failure to prosecute would still be required once he walked out of the courtroom with the apparent intent not to continue with his case. Leaving the courtroom in this manner, without providing any excuse, is the quintessential demonstration of a failure to prosecute. The Court was prepared to conduct the final pretrial conference at that time and select a jury several days later. Mr. Schneider's walking out on the Court made that impossible.

The Court regrets it has come to this. As the Seventh Circuit made clear, Mr. Schneider was held in jail too long in 2007. *See Schneider*, 528 Fed. App'x at 595 ("A jury reasonably could conclude that O'Leary's chosen course of action—continuing Schneider's imprisonment based on a layperson's dubious evaluation of Schneider's legal concern—was so deficient as to constitute deliberate indifference, and we remand for trial on that question."). There was a triable issue as to whether Warden O'Leary was deliberately indifferent to that fact. A jury trial would likely have taken only a few days, and at most a week. But apparently Mr. Schneider does not want to go to trial, and instead is fixated on the issue of disqualification of defense counsel, to the exclusion of trial preparation for this straightforward case.[4]

---

[4] Although pro se, Mr. Schneider is not an inexperienced litigator. In addition to the eight years he has spent on this case, he prosecuted another case in this district from April 2001 through November 2005 (01 C 2779), has filed four notices of appeal with the Seventh Circuit regarding issues in this case (09-3021, 09-3340, 12-2122, 14-3605), and has filed various proceedings in state court.

Mr. Schneider's actions have disrupted the Court's calendar on a number of occasions because the time set aside for each trial date in this case was unavailable to other parties who sincerely wanted to go to trial. As a result, other cases were delayed, and courtroom time reserved for Mr. Schneider's trial often went unused, because other parties were not able to take advantage of an opening on such short notice. The disruption to Defendants, defense counsel, defense witnesses, and other cases on the Court's docket is simply unacceptable. Just as a plaintiff has a right to have his case heard, so too do defendants have a right to have serious allegations of misconduct resolved expeditiously and not left hanging over them for years. The Court has shown enormous patience to Mr. Schneider. That patience is now exhausted. There are no other acceptable and reasonable sanctions available short of dismissal.

Defendants' motion to dismiss this case for want of prosecution, R. 330, is granted, and this case is dismissed with prejudice. Defendants' remaining pending motions in limine, R. 351; R. 352, are denied as moot.

ENTERED:

_Thomas M. Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: August 25, 2016